**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **SHANNON MCMANUS** | **CIVIL ACTION NO. 25-1874** |
| **VERSUS** | **JUDGE EDWARDS** |
| **MARK WOOD ET AL** | **MAG. JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the Court are three motions to dismiss. The first (ECF No. 19) was filed by Mark Wood, Tommy Carnline, Robert Beauregard, Gerald Carmouche, and Matt Cross. The second (ECF No. 26) was filed by Stacy Auzenne. The third (ECF No. 28) was filed by Bill Moore. Each is fully briefed. *See* ECF Nos. 15, 27, 30, 31, 32, & 33.

After careful consideration of the parties' memoranda and the applicable law, the Motions are all **GRANTED**.

## I. BACKGROUND[1]

The plaintiff in this case, Shannon McManus ("McManus"), colors himself an "investigative commentator and public watchdog." *See* ECF No. 1 at 5. According to McManus, powerful figures—namely law enforcement officials—are not particularly big fans of his work. *See id*. at 5–6. He brings this federal suit, alleging that those officials violated his constitutional rights by coordinating to thwart his truth-seeking (and truth-telling) efforts in Rapides Parish. *Id.* at 6–7. Specifically, McManus alleges that Defendants: (1) conspired generally against his interests, (2) labeled him

[1] The factual background below comes "from the operative […] complaint because, at this stage, we accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff…." *Nevarez v. Dorris,* 135 F.4th 269, 271 n.1 (5th Cir. 2025) (citation modified).

an "enemy," and (3) treated his report or "request for investigation" differently than they would have others, all because of his speech. *See id.* at 5–14; *see also generally* ECF No. 5.

All Defendants move for dismissal on both Rule 12(b)(1) and Rule 12(b)(6) grounds. *See* ECF Nos. 19, 26, and 28. Defendants contend that McManus lacks standing to pursue these claims, and that his factual allegations are insufficient to state a claim. *See generally id.* McManus disagrees. *See* ECF Nos. 15, 30, and 31.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Accordingly, a complaint attacked by Rule 12(b)(6) "requires more than labels and conclusions." *Id.* at 555. "Generally, it is an abuse of discretion for a district court to dismiss a pro se complaint with prejudice without first giving the plaintiff an opportunity to amend his complaint to remedy any deficiencies." *Pitts v. Waffle House, Inc.*, No. 23-60436, 2024 WL 1904556, at *2 (5th Cir. May 1, 2024) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). But, "[i]t is not an abuse of discretion to deny a pro se party leave to amend […] where the plaintiff has already pleaded his best case." *Id.* (cleaned up).

## III. ANALYSIS

McManus's complaint fails to provide factual matter that could form the basis for his stated causes of action. Let's start with the First Amendment. McManus claims his speech is being constrained, *see* ECF No. 1 at 8–9, but we do not know how. "[A] [First Amendment] retaliation claim requires some showing that the plaintiff's

exercise of free speech has been curtailed." *Reitz v. Woods,* 85 F.4th 780, 789 (5th Cir. 2023). In this context, being "the victim of criticism, an investigation (or an attempt to start one), and false accusations," is "not actionable…" as First Amendment retaliation. *See id.* at 790 (citation modified). So, McManus's allegation that someone referred to him in an email to another person as an "enemy" does not substantiate his retaliation claim, nor do any of his lesser factual allegations. *See* ECF No. 1 at 5; ECF No. 5 at 9. This claim must be dismissed.

McManus also claims that he has been denied procedural due process as secured by the Fourteenth Amendment. *See* ECF No. 1 at 9–10. His gripe is that one of the Defendants would not "take or process [his] complaint" of official misconduct. But, "[t]here is no constitutional right to an investigation." *Burrell v. Adkins,* No. CIV.A. CV01-2679-M, 2007 WL 4699166, at *9 (W.D. La. Oct. 22, 2007). So, McManus has no claim under Section 1983 for being denied an investigation. *See id.* This claim is dismissed.

His equal protection claim fails because he has not plausibly alleged that he was treated differently than a similarly situated person. *See Rountree v. Dyson,* 892 F.3d 681, 685 (5th Cir. 2018). And his conspiracy claim fails because he has not plausibly alleged an underlying constitutional violation. *See Pfannstiel v. City of Marion,* 918 F.2d 1178, 1187 (5th Cir. 1990) ("[A] conspiracy claim is not actionable without an actual violation of section 1983.") (citation omitted).

To close, McManus's allegations are far too vague and conclusory to state a claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Despite our best efforts, we cannot cobble the facts stated in his pleadings into a cognizable constitutional

violation. *See Toole v. Peak,* 361 F. App'x 621 (5th Cir. 2010) ("Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes the briefs of pro se litigants, a pro se [litigant] still must actually argue something that is susceptible of liberal construction."). Furthermore, we dismiss his case *with prejudice* because his allegations have become no more meritorious even with the benefit of amendment, *see* ECF No. 5, and his three briefs opposing dismissal, *see* ECF Nos. 15, 30, & 31. *See Dunsmore v. Muth*, 154 F.4th 360 (5th Cir. 2025) (affirming dismissal where "further factual development would not cure [a] complaint's deficiencies.")

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the Motions to Dismiss (ECF No. 19; ECF No. 26; & ECF No. 28) are all **GRANTED**.[2] McManus's claims are thus **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** this 16th day of September, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

[2] Insofar as we did not explicitly address McManus's more peripheral (or amorphous) grievances, we find them to not substantiate cognizable claims for roughly the same reasons set forth in the Defendants' respective Motions.